IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RAFAEL G. HANKISHIYEV,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ARUP LABORATORIES,**<br><br>**Defendant.** | **AMENDED REPORT & RECOMMENDATION**[1]<br><br>**Case No. 2:19-cv-00667**<br><br>**Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This case is currently before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge Howard C. Nielson, Jr. (ECF No. 15, ECF No. 26.) On September 19, 2019, Plaintiff Rafael G. Hankishiyev ("Plaintiff" or "Mr. Hankishiyev") filed his current action against Defendant ARUP Laboratories ("Defendant" or "ARUP"), asserting claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and retaliation under Title VII. (ECF No. 1.)

---

[1] Pursuant to Rule 60 and Defendant's request for clarification (ECF No. 38), the court files its Amended Report and Recommendation replacing the original Report and Recommendation (ECF No. 37) and striking the citation to *Smith v. Potter* 252 F. App'x. 224, 227 (10th Cir. 2007). (ECF No. 37 at 8); *see* Fed. R. Civ. P. 60. To clarify, the exhaustion of administrative remedies is a "mandatory claim-processing rule [ ]" and does not deny subject matter jurisdiction. *Fort Bend Cty., Texas v. Davis,* 139 S. Ct. 1843, 1849 (2019) ("Title VII's charge-filing instruction is not jurisdictional . . . .") This clarification does not alter the conclusions or recommendations set forth in the court's original Report. (ECF No. 37.)

On October 29, 2019, ARUP filed a motion to dismiss Plaintiff's complaint. (ECF No. 16.) Shortly thereafter, on November 14, 2019, Mr. Hankishiyev filed a motion for Rule 11 sanctions against ARUP's counsel Robert Rice. (ECF No. 28.) Both motions are now fully briefed and pending before this court. Upon review, the court rules as set forth herein.

## BACKGROUND

The following facts are taken from Plaintiff's complaint (ECF No. 1), attachments to the complaint (ECF No. 1-1) and Mr. Hankishiyev's prior litigation.[2]

1. On or about September 17, 2007, Plaintiff began working for ARUP as a specimen processor. (ECF No. 1-1 at 39.)

2. On or about December 4, 2012, Mr. Hankishiyev was terminated from ARUP after a disciplinary issue. (*Id.*)

3. On February 19, 2013, Mr. Hankishiyev filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*). Plaintiff alleged that he was terminated in retaliation for engaging in a protected activity and for reporting discrimination. (*Id.*).

---

[2] When considering a motion to dismiss the court may review the contents of the complaint, as well as documents referenced in the complaint, that are central to the plaintiff's claim without converting the motion into one for summary judgment. *See Berneiki v. CitiMortgage, Inc.,* 708 F.3d 1141, 1146 (10th Cir. 2013); *see also Warnick v. Cooley,* 895 F.3d 746, 754 n. 6 (10th Cir. 2018) ("On review of a Rule 12(b)(6) motion, we consider the complaint 'as well as. . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (citation omitted). Additionally, the court may take judicial notice of prior litigation and judicial proceedings in this and other courts. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.,* 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take notice of judicial proceedings in other courts that have a direct relation to the matters at issue.).

4. On September 10, 2015, Plaintiff filed an action in federal district court, *Hankishiyev v. ARUP Laboratories* ("Hankishiyev I"). Case No. 2:15-cv-00651-JNP-DBP, 2017 U.S. Dist. LEXIS 145898 (Aug. 16, 2017 D. Utah). Plaintiff's complaint in Hankishiyev I alleged claims for age discrimination and retaliation against Defendant ARUP Laboratories and individual Defendants Tom Topik, David Rogers and Bea Layton. *Id.*

5. During discovery, the Defendants attempted to depose Plaintiff on three separate occasions. *Id.* at *8. Mr. Hankishiyev, however, refused to answer questions and failed to meaningfully participate in the scheduled depositions, despite court orders requiring him to do so. *Id.* at *8-9.

6. Defendants moved for summary judgment in Hankishiyev I, arguing Plaintiff failed to comply with court orders and that his claims failed as a matter of law. *Id.* at *1.

7. On September 7, 2017, the District Court for the District of Utah granted Defendants' motion for summary judgment in Hankishiyev I and dismissed Plaintiff's claims. *Hankishiyev v. ARUP Labs.,* 2017 U.S. Dist. LEXIS 145126 (Sept 7, 2017, D. Utah). The court dismissed Plaintiff's age discrimination claim without prejudice, and dismissed the remaining claim with prejudice. (Case No. 2:15-cv-00651; ECF No. 121.)

8. Mr. Hankishiyev appealed the District Court's decision in Hankishiyev I to the Tenth Circuit Court of Appeals. *See Hankishiyev v. ARUP Laboratories,* 732 F. App'x. 673 (10th Cir. 2018).

9. The Tenth Circuit affirmed the District Court's ruling dismissing the case. *Id.* at 678.

10. Mr. Hankishiyev then petitioned the United States Supreme Court for certiorari,

which was denied. *See Hankishiyev v. ARUP Laboratories,* 139 S. Ct. 166 (2018), *cert. denied*.

11. On or about June 5, 2019, Mr. Hankishiyev filed a Charge of Discrimination with the EEOC alleging age discrimination. (ECF No. 1-1 at 43-47; ECF No. 16-1.)

12. On August 8, 2019, the EEOC issued a Dismissal and Notice of Rights, indicating that Mr. Hankishiyev's charge was not timely filed with the EEOC. (ECF No. 1-1 at 1.)

13. On September 19, 2019, Plaintiff filed his current action, *Hankishiyev v. ARUP Laboratories* ("Hankishiyev II"). Case No. 2:19-cv-00667-HCN-DBP. Plaintiff's complaint alleges claims for age discrimination and retaliation against Defendant ARUP. (ECF No. 1.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should dismiss a complaint if the plaintiff fails to plead sufficient facts that entitle him to relief. *See* Fed. R. Civ. P. 12(b)(6). Dismissal under 12(b)(6) can be based on the lack of a "legitimate legal theory" or the absence of "enough factual matter" to make the claim plausible. *See United States v. Stevens-Henager College,* 174 F. Supp. 3d 1297, 1303 (D. Utah 2016). In addition, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[;]" otherwise it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562 (2007).

"Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim." *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965); *see also Jiying Wei v. Univ. of Wyoming C. of Health School Pharmacy,* 759 F. App'x. 735, 740 (10th Cir. 2019) (holding that defendant could raise affirmative defenses of claim preclusion and

4

statute of limitations in its Rule 12(b)(6) motion). Moreover, "when all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata or statute of limitations] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Tri-State Truck, Ins., Ltd. v. First Nat. Bank of Wamego,* 564 F. App'x. 345, 347 (10th Cir. 2014) (*citing Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992) (citation omitted)); *see also Rusk v. Fidelity Brokerage Servs., LLC,* Case No. 2:15-cv-00853-JNP-DBP, 2018 U.S. Dist. LEXIS 175393 (D. Utah Oct. 10, 2018) (reviewing affirmative defense of failure to exhaust as a Rule 12(b)(6) failure to state a claim).

## DISCUSSION

### I. Defendant's Motion to Dismiss And Request for Sanctions

Upon review, Mr. Hankishiyev's claims fail as a matter of law because: (1) his claims were fully and fairly litigated in a prior action;[3] (2) he has not exhausted his administrative

---

[3] In his opposition, Plaintiff "clarifies" that he is not relitigating his prior claims. (ECF No. 27.) Indeed, Plaintiff's theory appears to be that in Hankishiyev I he sued and lost on a claim for retaliation but, in this action, he is no longer pursing that claim. Rather, Plaintiff contends he is pursuing a separate and distinct claim for age discrimination which the District Court advised him to file when it dismissed his claim without prejudice. *See* Hankishiyev I (ECF No. 121.)

As discussed *infra* in Sections I and II, the court construes Mr. Hankishiyev's complaint as stating a claim for both age discrimination and retaliation. Consequently, the court's analysis addresses both claims. Nonetheless, to the extent that the court accepts Plaintiff's assertion that his complaint only contains a separate claim for age discrimination, that claim is still barred under the applicable statute of limitations. *See Edkins v. United States,* 2018 U.S. Dist. LEXIS 54538 (W.D. Mich. Mar. 1, 2018), *report and recommendation adopted, Edkins v. United States*, 2018 U.S. Dist. LEXIS 53442 (W.D. Mich. Mar. 29, 2018), *appeal dismissed,* No. 18-1470, 2018 WL 3585207 (6th Cir. July 18, 2018) (When a plaintiff's prior complaint is dismissed without prejudice, the plaintiff may refile a complaint, but "such a plaintiff must still comply with the applicable period of limitation.") (citation and internal punctuation omitted).

Plaintiff's complaint appears to allege that Defendant rejected more than 60 job applications that Mr. Hankishiyev submitted "in 2007 [-] 2013." (ECF No. 1 at 2.) Yet, Plaintiff did not file his unperfected charge of discrimination until June 5, 2019. (ECF No. 1 at 4; ECF No. 16-1.) Thus, by his

remedies as to his ADEA claim; and (3) both Plaintiff's ADEA claim and his retaliation claim are barred by the relevant statute of limitations period.

Each basis for dismissal is addressed further below.

### Plaintiff's Claims Have Been Fully And Fairly Litigated And Are Therefore Res Judicata.

The doctrine of claim preclusion operates to "preclude[ ] the re-litigation of all issues that could have been litigated as well as those that were, in fact litigated in the prior action." *Jackson v. RGIS Inventory Servs.*, 2015 U.S. Dist. LEXIS 119760 (Sept. 8, 2015 D. Utah) (*quoting Schaer v. States*, 657 P.2d 1337, 1340 (Utah 1983)). The purpose of the doctrine "is to preclude parties from contesting matters they have had a full and fair opportunity to litigate, protect their adversaries from the expense and vexation of having to attend multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (*quoting Montana v. United States,* 440 U.S. 147, 154-55 (1979)). Claim preclusion requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10th Cir. 1999). With respect to Mr. Hankishiyev's action, all three elements of claim preclusion are satisfied.

---

own admission, Plaintiff did not file his administrative charge until six years after expiration of the controlling 300-day statute of limitations triggered by the job applications that he alleges ARUP last rejected in 2013. *See Almond v. Unified School Dist. No. 501,* 665 F.3d 1174, 1176 (10th Cir. 2011) (*citing* 29 U.S.C. § 626(d)(1)(B) ("'no civil action may be commenced' in a federal court unless the would-be plaintiff first files a grievance with the appropriate administrative agency---and does so 'within 300 days after the alleged unlawful practice occurred.'").

Mr. Hankishiyev's age discrimination claim also fails because he did not exhaust his administrative remedies. Plaintiff's opposition does not address ARUP's argument that Mr. Hankishiyev

First, in Hankishiyev I there was a final judgment on the merits. Plaintiff's claims were reviewed by this court and the Magistrate Judge issued a Report and Recommendation dismissing Plaintiff's action. *See Hankishiyev v. ARUP Laboratories,* Case No. 2:15-cv-00651. 2017 U.S. Dist. LEXIS 145898 (Aug 16, 2017 D. Utah). The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's case, amounting to a final judgment on the merits. *See Hankishiyev v. ARUP Labs.,* 2017 U.S. Dist. LEXIS 145126 (Sept 7, 2017, D. Utah); *see also Lowery v Utah,* 237 F. App'x. 374, 375 (10th Cir. 2007) ("Here, the prior federal court dismissal is undoubtedly a final judgment on the merits and the parties in this and the prior federal lawsuit are identical."). Next, Mr. Hankishiyev appealed the District Court's dismissal to the Tenth Circuit Court of Appeals who affirmed the decision, and thereafter the United States Supreme Court declined review. *See Hankishiyev v. ARUP Laboratories,* 732 F. Appx. 673, *cert. denied*, 139 S. Ct. 166. Both the federal District Court and the Tenth Circuit Court of Appeals determined that Plaintiff failed to exhaust his administrative remedies as to his ADEA claim and failed to prove pretext regarding his retaliation claim.

Second, the parties in this action are identical to the parties in the prior litigation. Mr. Hankishiyev is the Plaintiff and ARUP Laboratories is the Defendant. While Plaintiff named three additional individual Defendants in Hankishiyev I, their exclusion from this action does not alter the fact that Mr. Hankishiyev and ARUP Laboratories are the same parties involved in the earlier action.

---

only filed an unperfected charge with the EEOC and because an unperfected charge is insufficient to exhaust administrative remedies, dismissal must follow. *See* 29 C.F.R. § 1601; (ECF No. 16-1.)

Third, the causes of action raised here are identical to Plaintiff's prior claims. Both Hankishiyev I and Hankishiyev II allege causes of action for age discrimination under the ADEA and retaliation under Title VII. *See Lowery,* 237 F. App'x. at 375 ("Moreover, the third requirement is met because each claim in the current action is . . . identical to one brought in the former action [and] . . . the claim[s] arise[ ] out of the same common nucleus of operative facts."). *Cmpr.* (ECF No. 1; *with* ECF No. 1-1 at 39; *with* Case No. 2:15-cv-651, ECF No. 1.)

Thus, because Plaintiff previously litigated these same claims, against the same party with a final judgment on the merits, res judicata applies and Mr. Hankishiyev's claims for age discrimination and retaliation should be dismissed as a matter of law.

**In The Alternative, Plaintiff's Age Discrimination Claim Must Be Dismissed For Failure to Exhaust Administrative Remedies.**

"'[N]o civil action may be commenced' in federal court unless the would-be plaintiff first files a grievance with the appropriate administrative agency." *Almond v. Unified School Dist. No. 501,* 665 F.3d 1174, 1176 (10th Cir. 2011) (*citing* 29 U.S.C. § 626(d)(1)(B)). "Compliance with this administrative exhaustion requirement and its concomitant limitations period is a condition precedent to bringing suit." *Id.; see also Fort Bend Cty., Texas v. Davis,* 139 S. Ct. 1843, 1849 (2019) (exhaustion of administrative remedies is a "mandatory claim-processing rule [ ]").

In general, courts look "to the charge form to determine whether administrative remedies have been exhausted." *Hankishiyev,* 732 F. App'x. at 677. EEOC regulations require that a charge shall "be in writing and signed and shall be verified." *See* 29 C.F.R. §1601.9. Verified

means "sworn or affirmed before a notary public, designated representative of the Commissions, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." *Id.* at §1601.3(a). Verification is important because it "helps weed out frivolous or harassing claims" and protects "employers by giving them notice of the discrimination claims being brought against them and provid[es] the EEOC . . . with an opportunity to conciliate the claims." *Gad v. Kansas State Univ.,* 787 F.3d 1032, 1049 (10th Cir. 2015). The verification requirement, as with other conditions precedent to filing, is non-jurisdictional and does not divest the court of subject-matter jurisdiction. *Id.* at 1040 ("Thus, an employer that identifies and raises a verification defect may still achieve the dismissal of a plaintiff's suit.").

In this matter, Mr. Hankishiyev failed to exhaust his administrative remedies on his ADEA claim because he filed an unperfected charge that does not fulfill verification requirements. (ECF No. 16-1.)[4] As a result, Plaintiff's age discrimination claim should be dismissed.[5]

---

[4] Mr. Hankishiyev references the unperfected charge but does not attach a copy to his complaint. ARUP, however, has attached Plaintiff's unperfected charge to its motion for dismissal. (ECF No. 16-1.)

[5] Further, while not raised by Mr. Hankishiyev, his failure to exhaust administrative remedies may not be excused by equitable estoppel. To assert a claim for equitable estoppel, a party "must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment." *Hoover v. West,* 93 F. App'x. 177, 182 (10th Cir. 2004). A plaintiff cannot assert a defense of equitable estoppel where there has not been "active deception of the [plaintiff] regarding procedural requirements." *Matthew v. Kennecott Utah Copper Corp.,* 54 F. Supp. 2d 1067, 1074 (D. Utah 1999).

Here, Mr. Hankishiyev does not allege misrepresentation by ARUP. Yet, even if Plaintiff had done so, he could not establish detrimental reliance because several courts have previously advised Plaintiff that a failure to exhaust administrative remedies is fatal to his claims. *See Jernigan v. Stuchell,*

9

### **The Statute Of Limitations Has Expired On All of Plaintiff's Claims.**

Finally, Mr. Hankishiyev's claims fail as a matter of law because the statute of limitations period has expired on both his ADEA and retaliation claims.

Under the ADEA, "'no civil action may be commenced' in federal court unless the would-be plaintiff first files a grievance with the appropriate administrative agency--- and does so 'within 300 days after the alleged unlawful practice occurred.'" *Almond v. Unified School Dist. No. 501,* 665 F.3d 1174, 1176 (10th Cir. 2011) (*citing* 29 U.S.C. § 626(d)(1)(B)). Similarly, under Title VII, a plaintiff must file a charge "within three hundred days after the alleged unlawful employment practice occurred." *Al-Ali v. Salt Lake Comm. College,* 269 F. App'x. 842, 846 (10th Cir. 2008) (*citing* 42 U.S.C. § 2000e-5(d)(1)). "The filing is a prerequisite to a civil suit under Title VII and a claim is time-barred if it is not filed within these time limits." *Id.* (citation omitted).

Mr. Hankishiyev asserts he was unlawfully discriminated against on the basis of age during the hiring process. Plaintiff's last job application was dated June 13, 2011 and he filed his first charge with the EEOC on February 19, 2013. (ECF No. 1-1 at 39.) As discussed, Mr. Hankishiyev failed to allege age discrimination on the 2013 Charge but, even if he had, the 300-day limitation period had already expired at the time of filing. In this case, Plaintiff's complaint is over six years past the applicable statute of limitations period and his ADEA claims must be dismissed as untimely. Consistent therewith, on August 8, 2019, the Equal Employment

---

304 F.3d 1030, 1033 (10th Cir. 2002); *see also Hankishiyev v ARUP Laboratories,* 2017 U.S. Dist. LEXIS 145898 (Aug. 16, 2017 D. Utah); *Hankishiyev v. ARUP Laboratories,* 732 F. App'x 673 (10th Cir. 2018).

Opportunity Commission issued a "Dismissal and Notice of Rights" indicating that it was closing its file on Mr. Hankishiyev's charge because he "waited too long after the date(s) of the alleged discrimination to file" and his charge was untimely. (ECF No. 1-1 at 1.)

Further, Plaintiff alleges he was unlawfully retaliated against for raising his claim of age discrimination when he was terminated on December 4, 2012. (ECF No. 1-1 at 39.) However, the 300-day limitation period for that claim has also expired and the court should dismiss Plaintiff's Title VII retaliation claim as untimely.

**Defendant's Request for Sanctions Against Plaintiff**

ARUP moves for monetary sanctions and filing restrictions against Mr. Hankishiyev based upon his "frivolous" complaint and "vexatious" litigation history. (ECF No. 16 at 15-17.) Plaintiff counters, arguing his claims are neither frivolous nor vexatious because the court "advised" him to bring his current action when it dismissed his age discrimination claim without prejudice. (ECF No 27 at 3.)[6]

Plaintiff appears pro se. As a result, the court generously construes his pleadings, legal arguments and understanding of relevant legal terminology. Accordingly, at this juncture, the

---

[6] In addition to his opposition to ARUP's motion to dismiss (ECF No. 27), Mr. Hankishiyev has filed a sur-reply, dated November 26, 2019, entitled "Memorandum (Reply) In Opposition To document 31 filed 11/22/19". (ECF No. 33.)

"In general, a court will grant the nonmoving party an opportunity to file a surreply brief if it has not had the opportunity to respond to new evidence or new legal arguments presented by the moving party in a reply memorandum." *Tucker v. United States,* 2013 U.S. Dist. LEXIS 100639 *4 (D. Utah July 17, 2013) (citation omitted); *see also* DUCivR 7-1 (b)(1)(B) (stating a surreply may be filed "[i]f new evidence is proffered in support of a reply."). In this case, Mr. Hankishiyev's surreply is procedurally improper and will not be considered by the court. (ECF No. 33.) Plaintiff did not seek permission prior to filing and the brief does not purport to address new evidence or legal arguments raised in Defendants' reply brief.

court denies Defendant's request for sanctions. That said, Mr. Hankishiyev is cautioned that filing restrictions and monetary sanctions <u>will</u> be imposed if any future litigation is brought that "advance[s] repetitive causes, . . . [is designed] for obviously malicious purposes," or is intended to "generally abuse" the legal process. *See Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981).

## II. **Plaintiff's Motion for Sanctions for Frivolous Litigation**

Pursuant to federal rule 11, Mr. Hankishiyev motions the court for Rule 11 sanctions against ARUP's counsel Mr. Robert Rice ("Mr. Rice") "for [filing] a frivolous and harassing motion [to dismiss]." (ECF No. 28); *see* Fed. R. Civ. P. 11. Plaintiff contends that Defendant's motion for dismissal is "motivated by bad faith, costs and attorney fees, has no arguable basis in law and facts, disrupts this proceedings [sic], jeopardize [sic] a fair trial, [and] serves merely to harass and maliciously injure Plaintiff." *Id.*

Upon review, however, the court recommends that sanctions against Mr. Rice be denied because Plaintiff's motion: (1) violates Rule 11's safe harbor provision; and (2) is founded on incorrect assertions.

First, under the safe harbor provision, a sanctions motion may not be filed or presented to the court until twenty-one (21) days after the motion is served on the opposing party. Fed. R. Civ. P. 11(c)(2). Mr. Hankishiyev lodged his filing on November 14, 2019, but failed to ever serve the motion on Mr. Rice. As a result, the motion is procedurally improper and should be denied. *Id.; see Declaration of Robert O. Rice* (ECF No. 32-1, Exhibit A.).

Additionally, Plaintiff's motion should also be denied because it is founded on the false assertion that Mr. Hankishiyev did not plead a claim for retaliation. To the contrary, Mr.

Hankishiyev's complaint clearly states that he is suing for age discrimination *and* for retaliation. *See* (ECF No. 1 at 3) ("Moreover, ARUP issued Counseling Report in retaliation to Plaintiff's complain [sic] of age discrimination."); *Id.* at 3 ("The discriminatory conduct of which I complain in this action includes: Failure to hire me; Termination of my employment; Unequal terms and conditions of my employment; *Retaliation*; Violation of civil rights like free speech, religion; Frauds.") (emphasis added); *Id.* at 5 ("ARUP conducted age discrimination in malice way: retaliation, suppressing?") As a result, Mr. Rice and ARUP are in full compliance with Rule 11 which, in the context of Mr. Hankishiyev's motion, requires that Defendant have evidentiary support for its argument. *See* Fed. R. Civ. P. 11(b)(3). In this case, Defendant argues dismissal is appropriate because Plaintiff is re-litigating claims previously rejected by this court, the Tenth Circuit Court of Appeals and the United States Supreme Court. This argument is supported by the allegations in Plaintiff's complaint, and there is no evidence that Defendant's motion was filed for purposes of harassment, delay or to increase expenses. For these reasons, Mr. Hankishiyev's motion for Rule 11 sanctions should be denied.

In opposition to the motion, Defendant seeks reasonable expenses and attorney fees incurred as allowed under Rule 11(b)(2). *See* Fed. R. Civ. P. 11(b)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fee, incurred for the motion."). For the same reasons that the court denied Defendant's request for sanctions in connection with its motion to dismiss, the court now denies Defendant's request for sanctions under Rule 11(b)(2). *See supra* Section I at 11. The same admonitions, however, apply to the

extent that future filings of a frivolous or vexatious nature will not be tolerated and monetary sanctions will be imposed.

## **RECOMMENDATION**

For the reasons stated above, the court hereby RECOMMENDS as follows to the District Court:

1. Defendant ARUP's Motion to Dismiss for failure to state a claim is GRANTED, with Defendant's request for sanctions DENIED (ECF No. 16); and
2. Plaintiff's Motion for Sanctions is DENIED. (ECF No. 28.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 12th day of December 2019.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge