IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RAFAEL G. HANKISHIYEV,<br><br>Plaintiff,<br><br>v.<br><br>ARUP LABORATORIES,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING ACTION<br>WITH PREJUDICE**<br><br>Case No.: 2:19-cv-00667-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This is the second case brought by Plaintiff Rafael G. Hankishiyev against his former employer, ARUP Laboratories. As in the previous case, Mr. Hankishiyev alleges age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*. Because Mr. Hankishiyev failed to file an administrative age discrimination charge no later than "300 days after the alleged unlawful practice occurred," as required by the ADEA, his age discrimination claim must be dismissed. 29 U.S.C. § 626(d)(1)(B).[1]

I.

On February 19, 2013, Mr. Hankishiyev filed an administrative charge of discrimination.[2] *See* Dkt. No. 1-1 at 39. He alleged that he had been employed at ARUP from September 2007 to

---

[1] To the extent Mr. Hankishiyev also asserts a claim for retaliation in violation of Title VII, that claim is barred by this court's ruling in Mr. Hankishiyev's previous case and thus must be dismissed as well. *See infra* p. 5.

[2] It is unclear from the record whether Mr. Hankishiyev filed this charge with the Equal Employment Opportunity Commission or with the Utah Anti-Discrimination and Labor Division, which is authorized to administer Title VII and ADEA claims on behalf of the Commission. *See* 42 U.S.C. § 2000e-5(c) (Title VII); 29 U.S.C. §§ 626(d), 633(b) (ADEA).

December 2012 and that he reported discriminatory conduct in June 2012 while completing a job application for a different position at ARUP. *See id.* He further alleged that ARUP violated Title VII by retaliating against him for reporting the discriminatory conduct. *See id.* Mr. Hankishiyev did not mention that he had applied for yet another position ARUP in January 2013. *Compare id.*, *with id.* at 24. And he did not claim age discrimination, checking only the retaliation box on the charge form. *See id.* at 39.

On July 8, 2015, the Equal Employment Opportunity Commission (EEOC) determined that "it is unlikely that additional investigation would result in a finding that [Title VII] was violated," and accordingly provided Mr. Hankishiyev notice of his right to sue. Dkt. No. 1-1 at 1–2, Case No. 2:15-cv-651-JNP ("*Hankishiyev I*"). Mr. Hankishiyev then sued ARUP in this court. *See* Dkt. No. 1, *Hankishiyev I* ("*Hankishiyev I* Compl."). Once again, Mr. Hankishiyev did not reference his 2013 job application. *See, e.g.*, *id.*; Dkt. No. 1-1 at 4–25, *Hankishiyev I*. He did, however, raise a claim of age discrimination in addition to his claim for retaliation in violation of Title VII. *See Hankishiyev I* Compl. at 3.

Judge Parrish rejected Mr. Hankishiyev's retaliation claim on the merits and accordingly dismissed it with prejudice. *See* Dkt. Nos. 120–121, *Hankishiyev I*. But she concluded that because Mr. Hankishiyev "failed to exhaust his administrative remedies as to his age discrimination claim[,] the [c]ourt lacks subject-matter jurisdiction and must dismiss the claim." Dkt. No. 120 at 3, *Hankishiyev I*. In so doing, she adopted a portion of the Report and Recommendation issued by Chief Magistrate Judge Pead, which explained in greater detail how Mr. Hankishiyev had failed to present his age discrimination claim to the either the EEOC or the Utah Anti-Discrimination and Labor Division as required by the ADEA. *See* Dkt. No. 115 at 10–13, *Hankishiyev I*; 29 U.S.C. § 626(d). Because she concluded that she lacked subject matter

jurisdiction over this claim, Judge Parrish dismissed it without prejudice. *See* Dkt. No. 121, *Hankishiyev I*; *cf. Strozier v. Potter,* 71 F. App'x 802, 803 (10th Cir. 2003) ("[A] dismissal for lack of subject matter jurisdiction should be *without* prejudice").[3]

On appeal, the Tenth Circuit affirmed Judge Parrish's conclusion that Mr. Hankishiyev had failed to file an administrative charge of age discrimination:

> Mr. Hankishiyev contends that the district court erred in concluding that he had failed to exhaust available administrative remedies on the age-discrimination claim. He concedes that he failed to check the charge form's box for ADEA and age discrimination, and courts generally look to the charge form to determine whether administrative remedies have been exhausted. Thus, Mr. Hankishiyev's failure to check the ADEA/age-discrimination box on the charge form would generally preclude jurisdiction.
>
> Mr. Hankishiyev contends that his deficient charge form was cured by his EEOC intake questionnaire, where he raised the age-discrimination claim. We reject this contention.
>
> Because Mr. Hankishiyev filed a formal charge claiming only retaliation, not age discrimination, we decline to read allegations from the questionnaire into the charge itself. To do so would undermine the policies requiring exhaustion. Focusing on the charge form, we conclude that Mr. Hankishiyev did not exhaust his age-discrimination claim.

*Hankishiyev v. ARUP Labs.*, 732 F. App'x 673, 677–78 (10th Cir. 2018) (cleaned up). The Supreme Court subsequently denied Mr. Hankishiyev's petition to review the Tenth Circuit's decision. *See* 139 S. Ct. 166 (2018).

247 days later, on June 5, 2019, Mr. Hankishiyev filed a second charge of discrimination with the EEOC. This time he claimed that ARUP discriminated against him because of his age in

---

[3] Subsequent Supreme Court precedent makes clear that Title VII's deadline for filing an administrative charge is not jurisdictional, but rather a claim-processing rule. *See Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). Presumably the same is true of the ADEA's filing deadline, given that the ADEA largely tracks the administrative filing requirements of Title VII. *Compare* 29 U.S.C § 626(d) (ADEA), *with* 42 U.S.C. § 2000e-5 (Title VII). While dismissal thus should have been with prejudice, Judge Parrish's previous contrary ruling binds the parties here, both of which were parties to *Hankishiyev I*. *See infra* p. 4–5.

3

denying his applications for employment from 2007 through *January 2013*. *See* Dkt. No. 1-1 at 43–44. Apparently misunderstanding Judge Parrish's reasoning, Mr. Hankishiyev asserted that his age discrimination claim had been dismissed in *Hankishiyev I* because 300 days had passed between the conduct of which he complained and the filing of his earlier administrative charge, rather than the actual reason for dismissal—that the original charge failed to allege age discrimination. *See id.* The agency rejected the second charge, stating that "Your charge"—that is, the new charge—"was not timely filed . . . ; In other words, you waited too long after the date(s) of the alleged discrimination to file your charge." *Id.* at 1.

Mr. Hankishiyev again brought suit in this court, and his suit was again referred to Chief Judge Pead. On December 12, 2019, Chief Judge Pead issued a Report and Recommendation proposing that Mr. Hankishiyev's claims be dismissed. *See* Dkt. No. 39. Mr. Hankishiyev timely objected to the Report and Recommendation. *See* Dkt. No. 41.

**II.**

Although some of Mr. Hankishiyev's objections are well taken, they ultimately do not suffice to avoid dismissal of his case.

First, Mr. Hankishiyev is correct that his age discrimination claim was dismissed without prejudice in his previous case. *See* Dkt. No. 121, *Hankishiyev I*; *cf. Strozier v. Potter,* 71 F. App'x 802, 803 (10th Cir. 2003). As the Supreme Court has explained, "dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). (cleaned up). Even so, if a court decides specific issues in the course of dismissing without prejudice, the court's resolution of those issue will bind the parties in future litigation. *See, e.g.*, *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.,* 378 F.3d 1132, 1136 (10th Cir. 2004) ("[E]ven

though our decision in *Park Lake II* did not result in an adjudication on the merits, it has issue-preclusive consequences with respect to the issue decided."). Although res judicata thus does not bar Mr. Hankishiyev from any attempt to relitigate age discrimination in this case, he is nevertheless bound by Judge Parrish's specific conclusion in *Hankishiyev I* that he failed to allege age discrimination in his 2013 administrative charge. Res judicata also bars any attempt to relitigate the retaliation claim that was fully litigated on the merits and dismissed with prejudice in *Hankishiyev I*. While there is certainly language in the complaint that could be construed as raising such a claim, *see* Dkt. No. 39 at 13 (collecting quotes), Mr. Hankishiyev now represents that his complaint is not intended to allege retaliation, *see* Dkt. No. 41 at 2.

      Mr. Hankishiyev is also correct that Chief Judge Pead focused on the allegations relating to events that occurred before June 13, 2011, instead of allegations of more recent events that occurred as late as 2013. To be sure, to whatever extent Mr. Hankishiyev relies on allegations of discrimination that occurred in 2011, his 2013 administrative charge was untimely. For as the Tenth Circuit has explained, absent an applicable exception, "'no civil action may be commenced' in federal court unless the would be plaintiff first files a grievance with the appropriate administrative agency—and does so 'within 300 days after the alleged unlawful practice occurred' where (as here) a state administrative agency process exists to remedy the alleged discrimination." *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (quoting 29 U.S.C. § 626(d)(1)(B)).

      But as explained above, Mr. Hankishiyev alleges the discriminatory denial of job applications filed as late as January 2013. Had Mr. Hankishiyev raised an age discrimination claim relating to these denials in his 2013 charge, that claim would have been timely. But as Chief Judge Pead, Judge Parrish, and the Tenth Circuit all previously determined, Mr.

Hankishiyev did not raise any age discrimination claim at all in that charge, whether based on discrimination that occurred in January 2013 or before.

The only question remaining, then, is whether Mr. Hankishiyev's second charge was timely. Six years elapsed between the alleged age discrimination in 2013 and the filing of this charge. While the second charge was filed only 247 days after the Supreme Court denied Mr. Hankishiyev's petition for certiorari, neither party has cited any authority suggesting that the time limit for filing a potential administrative charge is tolled while a separate charge is litigated, and the court is unaware of any such authority. Because Mr. Hankishiyev failed to "first fil[e] a grievance with the appropriate administrative agency . . . 'within 300 days after the alleged unlawful practice occurred,'" *Almond*, 665 F.3d at 1176 (quoting 29 U.S.C. § 626(d)(1)(B)), his age discrimination claim is barred for failure to exhaust his administrative remedies. The court thus adopts in part Chief Judge Pead's Report and Recommendation and dismisses this claim with prejudice. *See supra* n.3.

### III.

ARUP has recommended sanctions against Mr. Hankishiyev in light of what ARUP calls his "'frivolous' complaint and 'vexatious' litigation history." Dkt. No. 39 at 11 (citing Dkt. No. 16 at 15–17). This court agrees with Chief Judge Pead that sanctions are not appropriate at this time and adopts this portion of the Report and Recommendation. But Mr. Hankishiyev "is cautioned that filing restrictions and monetary sanctions will be imposed if any future litigation is brought that 'advance[s] repetitive causes, . . . [is designed] for obviously malicious purposes,'

or is intended to 'generally abuse' the legal process." Dkt. No. 39 at 11 (quoting *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981)).[4]

## CONCLUSION

For the foregoing reasons, Chief Magistrate Judge Pead's Report and Recommendation is **ADOPTED IN PART**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 26th Day of June, 2020.

By the Court:

Howard C. Nielson, Jr.
United States District Judge

---

[4] The court also adopts the portion of Chief Judge Pead's Report and Recommendation denying Plaintiff's motion for sanctions.